**Mary M. SEIGEL; Ron Seigel,**
**Plaintiffs–Appellants,**

v.

**CITY OF GERMANTOWN; Jim Fortune, in his official capacity as Chief of Police of City of Germantown; Tom Lott; J.D. Bruce; Danny Payne; Lee Covey, each individually and in** their official capacities as officers and employees of the City of Germantown Police Department, Defendants–Appellees.

No. 01–5349.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

Mary M. Seigel and Ron Seigel, Tennessee residents, appeal pro se the summary judgment in favor of defendants in a civil rights action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Seigels filed this complaint through counsel against the City of Germantown, Tennessee, its chief of police, in his official capacity, and four police officers, in their individual and official capacities, seeking monetary relief and alleging violations of their Fourth, Fifth, and Fourteenth Amendment rights. The Seigels were suspects in the murder of a McDonald's employee, committed in November, 1997. The police began to focus their investigation on the Seigels in March, 1998, following tips from people who knew the Seigels and suspected them of committing the murder. Plaintiff Ron Seigel failed a polygraph examination, which served to confirm the suspicions of him. Searches were conducted of the home, business, and car belonging to the Seigels. They were eventually eliminated as suspects and other parties were apprehended in May, 1999.

After extensive discovery, the district court granted defendants' motion for summary judgment, and this appeal followed. Upon careful consideration, we conclude that the summary judgment in favor of defendants must be affirmed, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. *Moore v. Holbrook,* 2 F.3d 697, 698 (6th Cir.1993).

■ The Seigels alleged that their due process rights were violated by defendants' investigation of them as murder suspects. Although they cited both the Fifth and Fourteenth Amendments, the Fifth Amendment applies only to the federal government, and reliance on it is redundant when the Fourteenth Amendment is cited. *Scott v. Clay County, Tenn.,* 205 F.3d 867, 873 n. 8 (6th Cir.), *cert. denied,* 531 U.S. 874, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000).

The facts in this case supported at most a finding of incompetent or negligent investigation, which is insufficient to establish a constitutional violation. *Ahlers v. Schebil,* 188 F.3d 365, 374 (6th Cir.1999); *Orsatti v. New Jersey State Police,* 71 F.3d 480, 484 (3d Cir.1995); *Yancey v. Carroll County, Ky.,* 876 F.2d 1238, 1242, 1245 (6th Cir.1989).

■ The claim of a Fourth Amendment violation also failed to raise any genuine issue of material fact. The Seigels alleged that the affidavits in support of the search warrants failed to include exculpatory information. Because the consequences of a search are less severe than those of an adverse criminal verdict, there is no requirement to include exculpatory evidence in a search warrant affidavit. *Mays v. City of Dayton,* 134 F.3d 809, 816 (6th Cir.1998).

■ Finally, the city, the police chief, and the officers in their official capacities were entitled to judgment as a matter of law because there was no showing that the city deliberately utilized training for its police that was inadequate. *Matthews v. Ohio,* sitting by designation.

* The Honorable James G. Carr, United States District Judge for the Northern District of

*Jones,* 35 F.3d 1046, 1049 (6th Cir.1994); *Yancey,* 876 F.2d at 1242–43.

For all of the above reasons, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.